IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MICHAEL WAYNE EIKENBERRY,

                    Plaintiff,

          v.                              CASE NO.17-3150-SAC-DJW

SEWARD COUNTY, et al.,

                    Defendants.


## NOTICE AND ORDER TO SHOW CAUSE

Plaintiff Michael Wayne Eikenberry, a state prisoner appearing pro se, brings this 42 U.S.C. § 1983 civil rights complaint. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

### I.  Nature of the Matter before the Court

Plaintiff's complaint (Doc. #6) is based on the following allegations. An acquaintance of Plaintiff's, Tom Miller, showed up at Plaintiff's house sometime between 1:30 and 3:00 a.m. on August 17, 2013. Mr. Miller was drunk and passed out. Plaintiff went to bed around 7:00 a.m., then woke up around 11:00 a.m. and went to work. When he returned at about 6:30 p.m., he attempted to awaken Mr. Miller. He was unsuccessful and noticed that Mr. Miller was breathing strangely. Plaintiff

called 911. Paramedics arrived around 8:00 p.m., along with Defendant Keating, a deputy sheriff. Defendant Keating did a "protective sweep" of Plaintiff's home, and then the paramedics began examining Mr. Miller. When he did not react, they loaded him in the ambulance. After the ambulance and Defendant Keating left, Plaintiff went to sleep around 11:00 p.m.

Defendants Smalls and Sellars, also deputy sheriffs, arrived at Plaintiff's house around 12:30 a.m. They began searching Plaintiff's outbuildings, vehicles, and trash can. They claim to have repeatedly knocked on Plaintiff's door without any response. Defendant Keating obtained a search warrant signed by Judge Tom Webb at 2:48 a.m. Defendants Ward, Gnat, and Roehr arrived at Plaintiff's house with the search warrant sometime between 3:00 a.m. and 4:00 a.m. on August 18, 2013. They claim to have again knocked and gotten no response. Defendant Roehr proceeded to use a battering ram to open Plaintiff's front door.

Upon entering and finding Plaintiff in bed asleep, Defendants Roehr and Ward pulled Plaintiff out of bed and violently attacked him without provocation while Defendants Smalls, Keating and Gnat pointed their weapons at him and Defendants Larue and Hawkins, special agents with the Kansas Bureau of Investigation, observed. Plaintiff alleges the defendants beat him because they were told to create injuries so

it would appear he had been fighting with Mr. Miller. Apparently, all of these defendants left Plaintiff's house by 4:18 a.m.

At approximately 9:49 a.m. on August 18, 2013, Defendants Larue and Hawkins returned with another search warrant authorizing the collection of blood and urine samples from Plaintiff. They took Plaintiff to the ambulance garage in Liberal, Kansas, where they took samples, as well as photographs of Plaintiff after making him remove all of his clothing. Plaintiff states the warrant did not authorize a strip search or photographs.

Plaintiff also alleges that Defendant Koehn, special prosecutor for Seward County, in conspiracy with the other defendants, suppressed hospital reports showing Mr. Miller had no trauma or signs of battery and concealed or destroyed nine (9) toxicology reports, the autopsy photos, and photos of Mr. Miller taken at the hospital. Plaintiff also claims Defendant Koehn prevented witnesses from testifying at his criminal trial and, along with Defendant Peterson, Coroner of Seward County, Defendant Larue, John Doe, and other defendants, manufactured false inculpatory evidence, including the injuries inflicted on Plaintiff during execution of the search warrant, evidence of fractures of Mr. Miller's skull, false affidavits, false DNA evidence that was not even human, and altered photographs, and

broke into Plaintiff's home to plant items in a file of evidence produced by the prosecution. Plaintiff further alleges Defendant Koehn altered the trial transcripts and secretly introduced evidence at trial.

Plaintiff contends all of these actions were in furtherance of a conspiracy to frame him, which in addition to the defendants named above included his defense attorney and an unknown person who ordered the helicopter pilot transporting Mr. Miller between hospitals to fly slowly, taking almost three hours to fly 160 miles, so that Mr. Miller would die.

Plaintiff brings the following claims in his 53-page complaint:

Count I:  Illegal search and seizure and conspiracy asserted against Defendants Ward, Gnat, Roehr, Smalls, Sellars, Keating, McVey, Larue, and Hawkins.

Count II:  Excessive force asserted against Defendants Ward, Gnat, Roehr, Keating, Smalls, and Larue.

Count III:  Conspiracy asserted against Defendants Ward, Roehr, Gnat, McVey, Keating, Smalls, Sellars, Hawkins, and Larue.

Count IV:  Unauthorized strip search and taking of nude photographs asserted against Defendants Hawkins and Larue.

Count V:  Abusive and discriminatory police practices asserted against Gnat, Ward, Roehr, Keating, Smalls, Sellars, McVey, Larue, and Hawkins.

Count VI:  Failure to train, supervise, and discipline asserted against Defendants Larue, Hawkins, Gnat, and Ward.

Count VII:  *Monell* liability asserted against Defendant Seward County based on its alleged policy for the execution of search warrants.

Count VIII:  Concealment of exculpatory evidence and conspiracy asserted against Defendants Keating, Larue, Hawkins, Peterson, Koehn, and Sellars.

Count IX:  Manufacturing false inculpatory evidence and conspiracy asserted against Defendants Peterson, Sellars, Gnat, Ward, Roehr, McVey, Keating, Larue, Hawkins, Koehn, and John Doe.

Count X:  Fraudulent concealment asserted against Defendants Keating, Larue, Koehn, Peterson, and Gnat.

Kansas tort claims:  Assault and battery, negligence, gross negligence, fraud, medical malpractice.

Common law obstruction of justice:  Asserted against all defendants.

Plaintiff requests the following relief:  (1) a declaratory judgment that Plaintiff did not receive a fair trial, that his constitutional rights were violated by the execution of the

search warrants, the creation of false evidence, and the destruction of evidence, and that Defendant Peterson committed medical malpractice; (2) an injunction ordering the staff of Lansing Correction Facility to perform CT scans of Plaintiff's shoulder, knees, and neck, and an injunction disbarring Defendant Koehn and relieving Defendant Peterson of his duties as Seward County Coroner; (3) compensatory damages; and (4) punitive damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In

applying the *Twombly* standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *See Leverington v. City of Colo. Springs,* 643 F.3d 719, 723 (10th Cir. 2011).

While a pro se plaintiff's complaint must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), pro se status does not relieve the plaintiff of "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v.*

*Atkins,* 487 U.S. 42, 48 (1988); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992). In addressing a claim brought under § 1983, the analysis begins by identifying the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right. *Id.*

**III. Discussion**

After reviewing Plaintiff's complaint with the standards set out above in mind, the Court finds that the complaint is subject to summary dismissal under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e) because all of Plaintiff's claims are either premature under the principles of *Heck v. Humphrey* or untimely under the statute of limitations.

**A. *Heck v. Humphrey***

Under the *Heck* doctrine, when a state prisoner seeks damages in a lawsuit under § 1983, his complaint must be dismissed where a judgment in his favor would necessarily imply the invalidity of his conviction or sentence, unless the plaintiff can show that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As explained by the Tenth Circuit:

> In *Heck v. Humphrey*, the Supreme Court held that in
> order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for

other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote omitted).

*Reed v. McCune*, 298 F.3d 946, 953-54 (10th Cir. 2002).

The purpose behind *Heck* is "to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Johnson v. Pottawotomie Tribal Police Dep't*, 411 F. App'x 195, 198 (10th Cir. 2011), *quoting Butler v. Compton,* 482 F.3d 1277, 1279 (10th Cir. 2007).

Claims that are subject to the *Heck* bar have not yet accrued and therefore are premature. Such claims are dismissed without prejudice. *See Fottler v. United States,* 73 F.3d 1064, 1065 (10th Cir. 1996)("When a § 1983 claim is dismissed under *Heck,* the dismissal should be without prejudice.").

**B. Statute of Limitations**

The statute of limitations for § 1983 claims "is drawn from the personal-injury statute of the state in which the federal district court sits." *Mondragon v. Thompson,* 519 F.3d 1078, 1082 (10th Cir. 2008). The Court therefore applies Kansas's two-

year statute of limitations for personal injury actions. *See* Kan. Stat. Ann. § 60-513(a)(4).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* at 388 (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)(internal quotation marks and citation omitted). "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Smith v. City of Enid ex rel. Enid City Commission,* 149 F.3d 1151, 1154 (10th Cir. 1998) (quotation and citations omitted).

In certain limited circumstances, the statute of limitations may be subject to tolling. Because the Court applies the Kansas statute of limitations in § 1983 cases, it also looks to Kansas law for questions of tolling. *Fratus v. Deland,* 49 F.3d 673, 675 (10th Cir. 1995). The plaintiff has the burden of establishing a factual basis for tolling the limitations period. *Aldrich v. McCulloch Props., Inc.,* 627 F.2d

1036, 1041 n. 4 (10th Cir. 1980); *Slayden v. Sixta,* 825 P.2d 119 (Kan. 1992).

A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Fogle,* 435 F.3d at 1258.

Plaintiff makes the novel argument in his complaint that the 5-year Kansas statute of limitations for actions based on a written agreement should apply to his claims rather than the 2-year personal injury statute of limitations. He argues that the two warrants of August 18, 2013, are written agreements, and all of the alleged constitutional violations arose from or are connected to those two warrants. Finding no authority for Plaintiff's argument, the Court looks to the plain language of the statute. K.S.A. 60-511 provides that "[a]n action upon any agreement, contract or promise in writing" shall be brought within five years. A search warrant is not an agreement, a contract, or a promise. It is an order signed by a judge or magistrate that authorizes law enforcement officers to search a particular location without the occupant's consent. Plaintiff's argument must fail.

Plaintiff first filed his complaint on August 28, 2017. Therefore, any of Plaintiff's claims that accrued prior to

August 28, 2015, are barred by the statute of limitations and subject to dismissal with prejudice.

## C. Analysis of Plaintiff's Claims

### i. Count I:   Illegal search and seizure and conspiracy

The allegations in Count I are related to the search of Plaintiff's home that occurred on August 18, 2013.  Plaintiff alleges the search began without a warrant, and once the warrant was issued, Defendants forcibly entered his house without cause, destroying Plaintiff's door.  In addition, underlying this and all of Plaintiff's claims is his contention that he was the victim of a broad-ranging conspiracy to deny him a fair trial and wrongfully convict him of killing Tom Miller. Plaintiff alleges the conspiracy involved all of the defendants, as well as his defense counsel, and claims the purpose of the conspiracy was to "form a total cover up, and frame [him]" for killing Mr. Miller.  Doc. #6, p. 31.

Plaintiff seeks to establish that the search and any seizures made pursuant to it were unconstitutional. Despite the few details Plaintiff provided to the Court, it seems likely that evidence obtained during the search contributed to Plaintiff's subsequent conviction.  Hence, a judgment here that the search was constitutionally deficient could imply that Plaintiff's conviction is invalid.  See *Trusdale v. Bell,* 85 F. App'x 691, 693 (10th Cir. 2003)(holding that prisoner's § 1983

claim alleging an unlawful search was barred by *Heck* because evidence obtained pursuant to the search led to his convictions).

Because Plaintiff has not shown that his conviction has already been invalidated, whether reversed on direct appeal, expunged by executive order, called into question by a federal court's issuance of a writ of habeas corpus, or otherwise invalidated, this claim appears to be barred by *Heck*. *See Heck*, 512 U.S. at 487. Unless Plaintiff can show either (1) that his conviction did not result from evidence obtained from the search of his home on August 18, 2013, or (2) that his conviction has already been invalidated, this count is subject to dismissal as premature under *Heck*.

Even if the *Heck* doctrine is not applicable, this claim is clearly subject to dismissal as barred by the statute of limitations. The claim accrued on August 18, 2013, when the allegedly wrongful conduct occurred. "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 558 (10th Cir. 1998) (quoting *Johnson v. Johnson County Com'n. Bd.,* 925 F.2d 1299, 1301 (10th Cir. 1991). August 18, 2013, is well beyond the limitations period, and Plaintiff has not established a factual

basis for tolling.  As a result, Count I is subject to dismissal with prejudice.

**ii.  Count II:  Excessive force**

Count II alleges that Defendants used excessive force on August 18, 2013, while executing the warrant to search Plaintiff's home.  It appears that success on this claim would have no effect on his conviction for involuntary manslaughter of Tom Miller.  As a result, it is not barred by *Heck*.  *See Smithart v. Towery,* 79 F.3d 951, 952-53 (9th Cir. 1996)(because a successful § 1983 action for excessive force would not necessarily imply the invalidity of plaintiff's arrest or conviction for assault with a deadly weapon, *Heck* did not preclude plaintiff's excessive force claim); *Martinez v. City of Albuquerque*, 184 F.3d 1123, 1126 (10th Cir. 1999)(claim for excessive force not barred by *Heck* because a finding that the police officers utilized excessive force to arrest Martinez would in no manner demonstrate the invalidity of Martinez' state court conviction).

Even though this claim is not premature under *Heck*, it accrued at the time of the conduct (August 18, 2013) and is therefore barred by the two-year statute of limitations.  *See Johnson*, 925 F.2d at 1301.

### iii. Count III:  Conspiracy

In Count III, Plaintiff alleges that the defendants from the Seward County Sheriff's Department and the Kansas Bureau of Investigation ("KBI") conspired prior to and during the searches on August 17 and 18, 2013, to violate Plaintiff's rights because they wanted to fabricate evidence that Plaintiff and Mr. Miller had a physical altercation to support their goal of framing Plaintiff for killing Mr. Miller.

This claim is also subject to dismissal.  The only possible injuries that can be inferred from the alleged conspiracy are either (1) Plaintiff's criminal conviction with resulting damages, in which case the claim is premature under *Heck*, or (2) the injuries Plaintiff suffered as a result of the alleged use of excessive force, in which case the claim is barred by the statute of limitations as discussed above.  *See Kirby v. Dallas County Adult Probation Dept.*, 359 F. App'x 27, 33 (10th Cir. 2009); *Higgins v. City of Tulsa, Oklahoma*, 103 F. App'x 648, 650 (10th Cir. 2004).  Given that according to Plaintiff the purpose of the conspiracy was to falsely convict him, success on the conspiracy claim "would necessarily imply the invalidity of [his] conviction" and cannot proceed "until the conviction has been overturned."  *See Carbajal v. Hotsenpiller*, 524 F. App'x 425, 428 (10th Cir. 2013), quoting *Beck*, 195 F.3d at 557, 558 n.3.

### iv. Count IV:  Unauthorized strip search and taking of nude photographs

Plaintiff claims in Count IV that two defendants, Hawkins and Larue, performed an unreasonable search in violation of the Fourth Amendment when they had Plaintiff strip and photographed him on August 18, 2013.  Plaintiff contends the defendants exceeded the scope of the search warrant.  In addition, Plaintiff alleges the search violated the Eighth Amendment because it was conducted in an abusive and harassing manner, intended to humiliate him and inflict psychological pain.

Plaintiff's Fourth Amendment claim is subject to the same analysis as Count I above and similarly appears to be premature under *Heck*.

A claim for violation of the 8th Amendment based on the abusive and humiliating nature of the search would not operate to exclude any evidence collected during the search and therefore would not undermine the conviction.  Consequently, it is not barred by *Heck*.  However, this claim accrued at the time of the conduct (August 18, 2013) and is therefore barred by the two-year statute of limitations.

### v.  Count V:  Abusive and discriminatory police practices

Count V restates all of the allegations contained in Counts I through IV, claiming the wrongful conduct resulted from practices and policies developed and enforced by the supervisory

defendants. This count does not state a separate cause of action but is essentially alleging supervisory liability for the conduct. Because the Court has found the previous counts are subject to dismissal, this count cannot stand on its own.

**vi. Count VI: Failure to train, supervise, and discipline**

Count VI also restates the previous allegations. Plaintiff adds the contention that Defendants did not properly supervise their subordinates. As with Count V, this count is alleging supervisory liability and is dependent on the previous counts. Since they are subject to dismissal, Count VI is as well.

**vii. Count VII:** *Monell* **liability asserted against Defendant Seward County based on its alleged policy for the execution of search warrants**

The allegations in Count VII relate to the searches conducted by Defendants on August 17 and 18, 2013. Plaintiff claims Seward County had a policy that supported the allegedly wrongful conduct of the deputies who executed the search warrant. Presumably, at least some of the evidence used to convict Plaintiff was procured during these searches. As a result, this claim is premature under *Heck*. If it is not subject to the *Heck* doctrine, it is barred by the statute of limitations. Either way, this claim is subject to dismissal.

### viii. Count VIII: Concealment of exculpatory evidence and conspiracy

Count VIII relates to the concealment of exculpatory evidence prior to Plaintiff's criminal trial. This is very close to the allegations in *Heck*, where the plaintiff claimed the defendants had "knowingly destroyed" evidence "which was exculpatory in nature and could have proved [Mr. Heck's] innocence." *Heck*, 512 U.S. at 479. As the Supreme Court found in *Heck*, judgment in favor of Plaintiff on this claim would require the Court to find that the prosecutor and investigators intentionally concealed or destroyed exculpatory evidence, thus calling into question the validity of Plaintiff's conviction. Therefore, this § 1983 claim is barred by *Heck* unless his conviction is set aside. Mr. Eikenberry alleges no facts demonstrating his conviction has already been invalidated. Accordingly, Count VIII must be dismissed without prejudice as premature. *See Glaser v. City & Cty. of Denver, Colo.*, 557 F. App'x 689, 701 (10th Cir. 2014) ("To the extent [Plaintiff] alleges that defendants . . . withheld exculpatory evidence in connection with his prosecution, a judgment in his favor on these allegations would necessarily imply the invalidity of his conviction."); *Baldwin v. O'Connor,* 466 F. App'x 717, 717–718 (10th Cir. 2012) (affirming dismissal pursuant to *Heck* of § 1983 claim alleging prosecutorial misconduct, among other things, in

that such a claim would necessarily imply the invalidity of the plaintiff's convictions); *Ames v. Oklahoma,* 158 F. App'x 114, 117 (10th Cir. 2005) (*Heck* applied to bar inmate's § 1983 claim of illegal confinement based upon allegations of use of false testimony, planted evidence and the destruction of favorable evidence).

### ix. Count IX: Manufacturing false inculpatory evidence and conspiracy

In Count IX, Plaintiff alleges Defendants manufactured false inculpatory evidence by beating him during the search of his home on August 18, 2013, and used that evidence at his criminal trial to gain a conviction. This count is also subject to dismissal as premature under *Heck*. *See Parris v. United States,* 45 F.3d 383, 384 (10th Cir. 1995) (dismissing federal civil claims pursuant to *Heck* where the plaintiff alleged that the government's evidence was fabricated and that the prosecution witnesses committed perjury); *Ames v. Oklahoma,* 158 F. App'x 114, 117 (10th Cir. 2005) (*Heck* applied to bar inmate's § 1983 claim of illegal confinement based upon allegations of use of false testimony, planted evidence and the destruction of favorable evidence).

### x. Count X: Fraudulent concealment

In Count X, Plaintiff claims Defendant Gnat "was aware of problems with the search warrant signed by Tom Webb", and that

the remaining named defendants knew the "results of concealing the evidence and the damages it would produce upon the [plaintiff]." Doc. #6, p. 37. Plaintiff contends the defendants violated his Fourteenth Amendment rights.

Fraudulent concealment of a cause of action is a possible basis for tolling the statute of limitations but is not a cause of action in and of itself. Under Kansas law, in order "[t]o constitute concealment of a cause of action within the general rule tolling the statute of limitations, ... there must be something of an affirmative nature designed to prevent, and which does prevent, discovery of the cause of action." *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 633 (10th Cir. 1993), *quoting Friends Univ. v. W.R. Grace & Co.,* 608 P.2d 936, 941 (Kan. 1980). "This standard is similar to that applied by the Tenth Circuit for equitable tolling under federal principles of fraudulent concealment. The [plaintiff] must show that his ignorance was not the result of his lack of diligence, but was due to affirmative acts or active deception by the [defendants] to conceal the facts giving rise to the claim." *Id. at 633 n.4*, *citing Johnson v. U.S. Postal Serv.,* 861 F.2d 1475, 1481 (10th Cir. 1988), *cert. denied,* 493 U.S. 811 (1989).

Plaintiff has not asserted that he failed to file his § 1983 action within the limitations period because of affirmative acts or active deception by Defendants, and the Court finds no

basis for tolling the statute of limitations due to fraudulent concealment.

### xi. Kansas tort claims and common law obstruction of justice

With respect to Plaintiff's state tort claims, the Court finds that it is well-settled that state law violations are not grounds for relief under § 1983. "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). This Court is not obliged to exercise supplemental jurisdiction over any state law claims, even if valid, given that Plaintiff's federal constitutional claims are subject to dismissal. *See* 28 U.S.C. § 1367(c)(3).

### xii. Plaintiff's Motion for Counsel (Doc. #3)

The Court has considered Plaintiff's Motion for Appointment of Counsel (Doc. #3). There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), *citing*

*Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (*citing Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant. Therefore, Plaintiff's motion is denied.

## IV. Response Required

For the reasons stated herein, it appears that Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b). Plaintiff is therefore required to show good cause why his complaint should not be dismissed. The failure to file a timely, specific response waives de novo review by the District Judge, *see Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999). Plaintiff is warned that his failure to file a timely

response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including November 17, 2017, in which to show good cause, in writing, why Plaintiff's complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. #3) is denied, without prejudice.

**IT IS SO ORDERED.**

DATED:  This 17th day of October, 2017, at Topeka, Kansas.


**s/ Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**