IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL WAYNE EIKENBERRY,

                Plaintiff,

v.                                     CASE NO.17-3150-SAC

SEWARD COUNTY, et al.,

                Defendants.

**MEMORANDUM AND ORDER**

    This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. By order of October 17, 2017, the Court directed Plaintiff to show cause why his complaint should not be dismissed for failure to state a claim upon which relief may be granted. The Court found that all of Plaintiff's claims are either barred by the *Heck* doctrine or by the statute of limitations. Before the Court is Plaintiff's response (Doc. #11) to the show cause order.

    Plaintiff filed a timely, 102-page response (Doc. #11) to the Court's order to show cause. In that pleading, Plaintiff makes several arguments why his complaint should not be dismissed. After considering Plaintiff's response and the additional information he provided, the Court finds that Plaintiff's complaint should be dismissed.

    Plaintiff first argues that because all of the defendants are public officials, they act as trustees for the citizens and owe them fiduciary duties. Therefore, by breaching those duties, they are liable under their official bonds. It appears this is part of his argument that the 5-year

1

statute of limitations provided by K.S.A. 60-511 should apply to this case as opposed to the 2-year statute of limitations provided by K.S.A. 60-513.  This argument has no merit.  The Tenth Circuit has determined that K.S.A. 60-513 provides the statute of limitations for § 1983 actions filed in Kansas.  *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1300-01 (10th Cir. 1991)("the appropriate statute of limitations for § 1983 actions arising in Kansas is two years under Kan. Stat. Ann. § 60-513(a)(4)").

Plaintiff also argues that even if the 2-year statute of limitations under K.S.A. 60-513 applies, his cause of action did not accrue until he realized the permanent nature of his physical injuries and the extent of the defendants' fraudulent behavior.  While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated."  *Smith v. City of Enid ex rel. Enid City Commission,* 149 F.3d 1151, 1154 (10th Cir. 1998) (quotation and citations omitted).  A plaintiff need not know the full extent of his injuries before the statute of limitations begins to run.  *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994), citing *Gustavson v. United States,* 655 F.2d 1034, 1036 (10th Cir. 1981); *Robbins v. United States,* 624 F.2d 971, 973 (10th Cir. 1980).

According to Plaintiff, his physical injuries occurred as a result of the use of excessive force by some of the defendants during the entry and search of his home on August 18, 2013.  "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur."  *Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 558 (10th Cir. 1998) (quoting *Johnson v. Johnson*

*County Com'n. Bd.,* 925 F.2d 1299, 1301 (10th Cir. 1991).   His cause of action accrued on August 18, 2013, regardless of when he realized the full extent of his injuries.

As for Defendants' fraudulent behavior, Plaintiff alleges Defendants fraudulently concealed or destroyed exculpatory evidence and fraudulently manufactured inculpatory evidence.  Some of these actions may have occurred within the two-year statute of limitations, but, as explained in the Court's order to show cause, a claim based on those actions is barred under *Heck* because finding in Plaintiff's favor would necessarily call into question the validity of his conviction.  *See Heck v. Humphrey, 512 U.S. 477, 479 (1994)*; *Glaser v. City & Cty. of Denver, Colo.*, 557 F. App'x 689, 701 (10th Cir. 2014);  *Baldwin v. O'Connor,* 466 F. App'x 717, 717–718 (10th Cir. 2012); *Ames v. Oklahoma,* 158 F. App'x 114, 117 (10th Cir. 2005); *Parris v. United States,* 45 F.3d 383, 384 (10th Cir. 1995).

Next Plaintiff argues he should qualify for equitable tolling of the statute of limitations due to the Defendants' fraudulent actions.   Under Kansas law, in order "[t]o constitute concealment of a cause of action within the general rule tolling the statute of limitations, ... there must be something of an affirmative nature designed to prevent, and which does prevent, discovery of the cause of action."  *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 633 (10th Cir. 1993), *quoting Friends Univ. v. W.R. Grace & Co.,* 608 P.2d 936, 941 (Kan. 1980). "This standard is similar to that applied by the Tenth Circuit for equitable tolling under federal principles of fraudulent concealment.  The [plaintiff] must show that his ignorance was not the result of his lack of diligence, but was due to affirmative acts or active deception by the [defendants] to conceal the facts giving rise to the claim."  *Id. at 633 n.4*, *citing Johnson v. U.S. Postal Serv.,* 861 F.2d 1475, 1481 (10th Cir. 1988), *cert. denied,* 493 U.S. 811 (1989).

Plaintiff has not shown or even alleged that he failed to file his § 1983 action within the limitations period because of affirmative acts or active deception by Defendants.  Instead, Plaintiff claims Defendants' engaged in fraudulent concealment of evidence at trial.  The Court finds no basis for tolling the statute of limitations due to fraudulent concealment.

Finally, Plaintiff argues *Heck* does not apply because his complaint has "nothing to do with his conviction."  Doc. #11, at 3.  He states his conviction was based on "improper grounds for mere presence of just being there" and argues his "conviction was not based upon evidence at trial."  *Id.* at 14, 16 (internal quotation marks omitted).  Plaintiff seems to be trying to argue his conviction did not result from evidence obtained as a result of the allegedly defective searches or the defendants' fraudulent actions in suppressing exculpatory or fabricating inculpatory evidence and consequently *Heck* should not bar his complaint.  However, Plaintiff had a trial where such evidence was presented to the jury (or not, in the case of exculpatory evidence) and where Plaintiff was convicted.  Regardless of Plaintiff's assertions as to what the jury based its decision upon, it is impossible to know.  The fact remains that a judgment in his favor would necessarily imply the invalidity of his conviction.

Because all of Plaintiff's claims are either premature under the principles of *Heck v. Humphrey* or untimely under the statute of limitations, Plaintiff fails to state a claim on which relief may be granted, and his complaint must be dismissed under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e).

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted.

**IT IS SO ORDERED.**

DATED:  This 19th day of December, 2017, at Topeka, Kansas.

                                      **s/ Sam A. Crow**
                                      **SAM A. CROW**
                                      **U.S. Senior District Judge**