IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL WAYNE EIKENBERRY,

      **Plaintiff,**

  v.             CASE NO.17-3150-SAC

SEWARD COUNTY, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Reconsider (Doc. #15). Plaintiff asks the Court to reconsider its order of December 19, 2017, dismissing Plaintiff's complaint for failure to state a claim on which relief may be granted.

A litigant who seeks reconsideration by the district court of an adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th" Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed.R.Civ.P. 59(e). The Court will consider Mr. Eikenberry's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver,* 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* A Rule 59(e) motion should not "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver*, 952 F.2d at 1243). Relief under Rule 59(e) is "extraordinary and may be granted only in exceptional circumstances." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006).

In this motion, Mr. Eikenberry does not allege that there has been an intervening change in the controlling law or that there is newly discovered evidence. His arguments seem to attempt to fall under the clear error or manifest injustice grounds. He first argues that his complaint should not have been dismissed because it was not "beyond a doubt that [he] could prove no set of facts" stating a claim. Doc #15 at 1. While citing no legal authority, Mr. Eikenberry is alluding to the standard set forth by the U.S. Supreme Court in *Conley v. Gibson*: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, this is no longer the standard by which the Court must evaluate claims. The Supreme Court has found that *Conley*'s "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007). The *Twombly* court explained that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," nudging the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Aside from citing the incorrect standard, the problem with Mr. Eikenberry's argument is that the Court did not even reach the plausibility determination in dismissing his complaint. Rather, Mr. Eikenberry's claims, no matter how plausible (or implausible), are barred because they are not timely. As the Court explained in its order to show cause (Doc. #10) and order dismissing Mr. Eikenberry's complaint (Doc. #12), each of his claims are either barred by the statute of limitations or are premature under the principles of *Heck v. Humphrey*.

Mr. Eikenberry next argues that the complaint of a plaintiff proceeding *in forma pauperis* cannot be dismissed prior to service of process on the defendants. He cites no support for this assertion, and the Court knows of no such requirement. He then argues the order to show cause does not mention any "issues with claims stated." This is also incorrect. The order to show cause went through each of Plaintiff's ten counts, explaining why each one failed to state a claim.

Plaintiff next complains the Court did not address K.S.A. 60-513(b) and thus misconstrued the law. K.S.A. 60-513 is titled "Actions limited to two years." Paragraph (a) lists the actions subject to a two year statute of limitations under Kansas law. Paragraph (b) discusses accrual of the cause of action. As the Court stated in its order to show cause, "[w]hile state law governs the length of the limitations period and tolling issues, the accrual date of a § 1983 cause of action is a question of federal law." Doc. #10 at 10. Because K.S.A. 60-513(b) is a state law addressing the accrual of state causes of action, it is not applicable to Mr. Eikenberry's complaint.

Plaintiff also argues that his case was dismissed "prematurely" and "[t]he legal sufficiency entitles this Court to observe 'Manifest Injustice.'" He offers no further explanation

or support.  The Court can discern no manifest injustice requiring the alteration of its order of dismissal.

Mr. Eikenberry concludes by arguing that *Heck v. Humphrey* does not apply to his claims.  This is an attempt to revisit issues already addressed by the Court in its order to show cause and in its order dismissing Plaintiff's complaint. It is not an appropriate basis for Plaintiff's motion.  *Servants of the Paraclete,* 204 F.3d at 1012.

Because the Court finds no merit to Plaintiff's arguments and finds no modification is required to prevent manifest injustice, the Court denies Plaintiff's motion to reconsider.


**IT IS THEREFORE ORDERED** that Plaintiff's motion to reconsider (Doc. #15) is denied.

**IT IS SO ORDERED.**

DATED:  This 30th day of January, 2018, at Topeka, Kansas.


                                        **s/  Sam A. Crow_____**
                                        **SAM A. CROW**
                                        **U.S. Senior District Judge**